UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TARIQ EL-AMIN, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 23-0912 (UNA) |
| ) | |
| RACHEL JACKSON, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

Plaintiff is a former federal prisoner who had been designated to the United States Penitentiary in Leavenworth, Kansas where, from November 1, 2018, through January 22, 2021, he participated in an apprenticeship program. ECF 1 at 1. He alleges that Defendant failed to "enter [his] NCCER CORE certification and Apprenticeship hours with NCCER" in violation of Federal Bureau of Prisons Program Statement 5300.21. *Id*. Plaintiff deems Defendant's failure to comply with the program statement a violation of his right to due process for which he is entitled to compensatory and punitive damages. *See id*. at 2–3.

If Plaintiff intends to bring a procedural due process claim, the court finds that the meager factual allegations of the complaint are insufficient to state one. "Three basic elements are required for a procedural due process claim: (1) deprivation by the government; (2) of life, liberty, or property; (3) without due process of law." *Goings v. Ct. Servs. & Offender Supervision Agency for the District of Columbia*, 786 F. Supp. 2d 48, 73 (D.D.C. 2011) (citations omitted). Here, Plaintiff fails to allege facts showing that proper entry of apprenticeship information pursuant to Program Statement 5300.21 constitutes a protected property or liberty interest of any kind. Nor does Plaintiff indicate what process he was allegedly due.

1

If Plaintiff intends to bring a claim against Defendant under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), this claim also fails. "To state a prima facie *Bivens* claim, the plaintiff must establish that: (1) the defendant violated a federal constitutional right of the plaintiff; (2) the right was clearly established; (3) the defendant was a federal actor by virtue of acting under color of federal; and (4) the defendant was personally involved in the alleged violation." *Patterson v. United States*, 999 F. Supp. 2d 300, 308 (D.D.C. 2013) (citations omitted). Here, Plaintiff cannot show that failure to record apprenticeship information amounts to the violation of a clearly established constitutional right.

If Plaintiff intends to bring a tort claim under the Federal Tort Claims Act, the claim fails for at least two reasons. First, the United States of America is the only proper defendant to a suit under the FTCA, *see, e.g.*, *Hall v. Admin. Off. of U.S. Cts.*, 496 F. Supp. 2d 203, 206 (D.D.C. 2007), and Plaintiff has not named the United States as a party defendant. Second, Plaintiff may not pursue a tort claim against the United States without first having presented the claim to the Federal Bureau of Prisons. *See* 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 113 (1993) (stating claimants may not sue the United States "in federal court until they have exhausted their administrative remedies," and claimants' "fail[ure] to heed that clear statutory command" warrants dismissal of their claims); *Abdurrahman v. Engstrom*, 168 F. App'x 445, 445 (D.C. Cir. 2005) (per curiam) (affirming the district court's dismissal of unexhausted FTCA claim "for lack of subject matter jurisdiction").

The court will grant Plaintiff's application to proceed *in forma pauperis* and dismiss the complaint and this civil action without prejudice. A separate Order will issue.

DATE: May 5, 2023

                                                                                      _____

                                                                                      JIA M. COBB  
                                                                                       United States District Judge